JOHN L. HODGES v. NATHAN GRAHAM ET AL.

FILED FEBRUARY 4, 1904.   No. 13,363.

1. **Referee's Report: STIPULATION: ESTOPPEL.** Where parties consent that the report of a referee, containing the evidence taken by said referee and his findings of fact and conclusions of law, shall be submitted to the court, together with the objections and exceptions thereto, for determination on the merits by the court, they are precluded by such submission from assigning error by the court in setting aside the report and findings of the referee and substituting therefor the findings of the court.

2. **Review.** In such case this court will only consider the correctness of the findings and judgment of the district court.

3. **Evidence.** Evidence examined, and *held* to sustain the findings and judgment of the district court.

ERROR to the district court for Clay county: GEORGE W. STUBBS, JUDGE. *Affirmed.*

*Thomas H. Matters,* for plaintiff in error.

*Leslie G. Hurd, contra.*

FAWCETT, C.

This is an action brought by plaintiff in error, hereinafter styled plaintiff, against the defendants in error, hereinafter styled defendants, alleging that about the first of January, 1894, the plaintiff and defendants entered into an agreement and contract of copartnership at Clay Center, Nebraska; the business of said copartnership to be to purchase, own and control a printing outfit then known as "The Progress," a newspaper outfit at Clay Center, Nebraska, and to publish said newspaper. That each member of said copartnership was to put into the business the sum of $127.20, which money was to be used in the purchase of the printing outfit, above described, the payment of the indebtedness due upon the same, and also to pay one claim due to the plaintiff from the former owners of said printing outfit, in the sum of $312.50. That they proceeded to and did purchase said printing outfit, and did run said newspaper. That the defendants have failed, neglected and refused to pay in the amount of money agreed to at the time, and have never paid into said partnership any other sum except the amount of $87.50 each; that they have neglected, failed and refused to pay any portion of the amount due to the plaintiff, and that, by reason of said failure, there is due and owing from the defendants to the plaintiff the said sum of $312.50, for which amount he prays judgment.

The matters in controversy in this case were, on May

23, 1900, by consent of both parties in open court, referred by the court to H. C. Palmer, to take the testimony and report his findings of fact and conclusions of law to the court. On November 9, 1900, the referee filed his report, containing all the evidence introduced before him, together with his findings of fact and conclusions of law. The findings of fact and conclusions of law were all in favor of plaintiff, and that plaintiff was entitled to recover a judgment against the defendants, and each of them, for the sum of $332.45 and interest from September 20, 1900, at the rate of seven per cent. per annum. To the report of the referee the defendants filed a large number of objections, and a motion for new trial. On November 11, 1901, the court set aside all of the findings of fact and conclusions of law of the referee, and awarded a new trial. On November 15, 1901, the court made an allowance to the referee of $50 for his services. On December 16, 1902, plaintiff filed a reply, and on the same day a subpœna *duces tecum* was issued to H. C. Palmer, referee, commanding him to appear before the court, and bring with him certain records which had been offered and read in evidence before him, as referee. On December 17, 1902, we find the following entry by the court:

"This cause coming on further to be heard, now come the parties to this action, in open court, and consent to the order or ruling of the court as follows: 'Order setting aside report of referee made November 11, 1901, is set aside.' Case set down for hearing upon report of referee and objections thereto, and motion for new trial. Court to act upon objections at present term of court and to enter final decision for merits, whatever the decision upon objections and upon the testimony taken before the referee. Rights of both parties to a bill of exceptions to be fully protected, and all the above by consent of parties, in open court, and this cause submitted **to** the court on report of referee, under above stipulation."

On March 13, 1903, the court entered its findings and decree, in which it set aside the findings and conclusions of

the referee, and entered findings of its own, finding generally for the defendants; overruled defendants' motion for new trial, and dismissed plaintiff's bill for want of equity.

The reason assigned by the court for setting aside the findings of the referee is that said findings were contrary to the clear weight of the evidence. Plaintiff contends that this is not so; that there is ample evidence in the record to sustain the findings of the referee, and that the court erred in setting the same aside. It is urged by defendants that plaintiff can not make such contention in this court, for the reason that, by the agreement, in open court, entered into December 17, 1902, hereinbefore set out, plaintiff consented to the submission of the case to the court upon the evidence taken by the referee, and that the court might make its own findings upon the merits, regardless of its rulings on the objections to the report of the referee. If the contention of the defendants is sound, then, the only question for this court to determine is, whether the evidence sustains the finding and judgment of the court. An examination of the record leads us to the conclusion that this contention of defendants is correct. After the order of the court entered November 11, 1901, setting aside the findings of the referee and granting a new trial, the parties seem to have been preparing for another trial of the case, which is shown by the settlement with the referee on November 15, and the filing of a reply and issuance of a subpoena on December 16, 1902. On December 17, when the parties were all in court, and, evidently, after discussing the matter, and all agreeing that the evidence taken before the referee was all the evidence that could be introduced in the case, and, in order to avoid the trouble, time and expense of another trial, it was agreed between them that the matter be submitted to the court upon the evidence contained in the report of the referee, and that the court should make such findings on the merits as it deemed proper. The court's entry made at that time is not as explicit as it might have been. The language is, "Case set

down for hearing upon report of referee and objections thereto, and motion for new trial. Court to act upon objections at present term of court and to enter final decision for merits, *whatever* the decision upon objections and upon the testimony taken before the referee." It is evident that what the court meant to say was: Court to act upon objections at present term of court and to enter final decision upon the merits, *regardless* of its decision upon the objections to the report of the referee. The entry further provides for the preservation of the rights of the parties to a bill of exceptions, and recites that the case is submitted to the court under that stipulation. We are confirmed in our construction of that entry by the court, by the court's own construction of it on page 145 of the record. The court says:

"And now, on this same day, this cause coming on further to be heard (the parties having agreed in open court that, in case the findings of the referee should be set aside, the court should make the proper findings upon the evidence as reported by the referee and pronounce judgment thereon), upon the evidence and arguments of counsel, and the court, being fully advised in the premises, doth find generally in favor of the defendants," etc.

We think this language of the court conclusively shows the true action and intention of the parties on that occasion. This being so, then, the only question for our consideration is, whether or not the court erred in its findings and judgment. While we are unable entirely to concur in the view of the district court in holding that the findings of the referee were against the *clear weight* of the evidence, we are unable to say that the court's own findings are not sustained by the evidence. The evidence, in our judgment, was conflicting, and, having been submitted to the district court by the parties, and the court having made its findings thereon, those findings must stand.

We recommend that the judgment be affirmed.

ALBERT and GLANVILLE, CC., concur.

12

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is

AFFIRMED.